UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEROY JOHN,

                Plaintiff,

-against-

83RD PRECINCT,

                Defendant.

24-CV-10072 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently detained at the Otis Bantum Correctional Center (OBCC) on Rikers Island., brings this action *pro se*. He alleges that his claims arose in Brooklyn, New York, and asserts claims against the "83rd Precinct" of the New York City Police Department (NYPD), which is also in Brooklyn. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under the general venue statute, a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Venue of Plaintiff's claims also does not appear to be proper in this district under Section 1391(b)(2) based on the place where the events giving rise to the claims occurred. Plaintiff alleges that he was subject to an order of protection directing him to stay away from his former household on Decatur Street in Brooklyn, New York. (ECF 1 at 4.) The court approved a police escort for Plaintiff to retrieve his property from the premises; while doing so, however, Plaintiff was "accused as a terrorist" and arrested in the 83rd Precinct in Brooklyn. (*Id.*) Brooklyn is in Kings County, which is in the Eastern District of New York. 28 U.S.C. § 112(c). Venue of Plaintiff's claims thus is proper under Section 1391(b)(2) in the Eastern District of New York.

Even if venue is proper in the district where a case is filed, a court may transfer the case "[f]or the convenience of parties and witnesses, in the interest of justice" to any other district where it might have been brought. 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Brooklyn, where Plaintiff resides, and it is reasonable to expect that all relevant documents and witnesses also would be in Kings County. The Eastern District of New York appears to be a more convenient forum for this action. Moreover, Plaintiff's choice of this forum is entitled to less deference because Plaintiff does not reside in this district, and he alleges that the events giving rise to his claims took place outside this district. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 10, 2025
         New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge